**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LUTHER LEWIS
ADC #156922 PETITIONER

v. 4:21-cv-00514-BSM-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Petitioner Luther Lewis, an inmate at the Tucker Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 1). On March 31, 2018, law-enforcement officers responded to a call from Mr. Lewis's mother who reported a disturbance involving Mr. Lewis at her home. (*Id.* at 42). Officers found Mr. Lewis highly intoxicated in the street and instructed him to go inside his home because he was causing a disturbance in the neighborhood. (*Id.* at 42, 48-50). After several attempts to get Mr. Lewis to calmly leave the street, Mr. Lewis finally went inside. (*Id.*). Minutes later, Officers returned to the home after hearing more yelling. (*Id*. at 49-50). Officers report that Mr. Lewis was cursing and yelling on his front porch and refusing to comply with Officers repeated requests to stay indoors. (*Id.*). Officers attempted to take Mr. Lewis into custody for disorderly conduct and public intoxication, but he resisted and retreated inside the home. (*Id.* 48-50). Mr. Lewis claimed when the officers returned, he was "forcibly removed" from his couch during the warrant-less entry. (*Id.* at 22). Mr. Lewis was then removed from the residence and put inside the officer's vehicle. (*Id.* at 42, 48-50). Mr. Lewis physically resisted, kicked one officer in the groin, and continued to make verbal threats to the officers once inside the patrol car and throughout

the intake process. (*Id.*). The police reports included the following threats made to officers by Mr. Lewis:

> "Wait till I get out, I'm gonna get you, and if I can't get you I'll get your families," "when I get out, I'm gonna kill all y'all and your families," "I'm going to kill your bitch ass for this," "I'm going to f*** your daughter in her nasty a** pussy," and "as soon as I get out of here I'm gonna find you and shoot y'alls asses, bullets are gonna fly."

(*Id.*at 43, 48-50).

On June 28, 2019, Mr. Lewis pleaded guilty to three counts of terroristic threatening in the Johnson County Circuit Court. (*Id.* at 37-41, 44). Pursuant to the plea agreement, all other charges were *nolle prossed* and Mr. Lewis was sentenced to 120 months to the Arkansas Division of Correction. (*Id*. at 44). Mr. Lewis did not file a direct appeal, nor did he pursue state post-conviction relief through a Rule 37 petition pursuant to Arkansas Rule of Criminal Procedure 37.1 (*Id.* at 2; Doc. No. 10 at 2). On February 10, 2020, Mr. Lewis filed a petition for writ of habeas corpus, asserting:

> his conviction should be declared void because his is innocent of the charges; he was arrested without probable cause or a valid warrant; his plea was not knowingly and voluntarily entered; he was coerced by threat to enter his guilty plea; and there was insufficient evidence to support the charges.

(Doc. No. 1 at 66; Doc. No. 10-1 at 4).

On March 10, 2020, the Jefferson County Circuit Court denied the petition without a hearing, finding "none of petitioner's claims are cognizable in a habeas matter." (Doc. No. 1 at 66). The circuit court explained "[t]he petitioner should have addressed these allegation[s] on the trial court level, on direct appeal, or in a timely post-conviction proceeding." (*Id.*).

Mr. Lewis appealed the denial to the Arkansas Supreme Court, reiterating his claims "(1) his behavior that led to the charges filed against him did not constitute terroristic threatening, (2) his arrest was illegal, and (3) his plea of guilty was rendered involuntary by flaws in the guilty-

plea proceedings." *Lewis v. Payne*, 2020 Ark. 345, at 1. On October 29, 2020, the Arkansas Supreme Court affirmed. *Id.*

Through his Petition for Writ of Habeas Corpus, Mr. Lewis now claims he is actually innocent and that his counsel was constitutionally ineffective. Specifically, he says (1) he is actually and legally innocent of the offense of terroristic threatening; (2) that his plea was coerced by threats of "extensive punishment/incarceration" if he went to trial; and (3) that his attorney abandoned him at a critical stage in the proceedings. (Doc. No. 1 at 23-33). Respondent counters that Mr. Lewis's petition is time barred, the claims have procedurally defaulted, and they are not federally cognizable. (Doc. No. 10 at 4-12). After careful consideration of Mr. Lewis's Petition (Doc. No. 1) and the Response (Doc. No. 10), for the following reasons I find the Petition should be dismissed as time barred.

## II. ANALYSIS

### A. Time Bar

#### 1. Statute of Limitation and Tolling

Mr. Lewis's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) impose a one-year period of limitation on habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment became final on July 28, 2019 – thirty days after the entry of the state-court judgment on Mr. Lewis's guilty plea. (Doc. No. 1 at 44); *see* Ark. R. App. Crim. 2(a); *see e.g. Gordon v. Hobbs*, 823 F.3d 1188, 1194-95.

28 U.S.C. § 2244 (d)(2) states that the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. Mr. Lewis filed his state habeas corpus petition on February 10, 2020, 197 days after his final judgment. (Doc. No. 1 at 66). Pursuant to section 2244(d)(2), the time during which Mr. Lewis's state habeas corpus petition was pending is excluded from the limitation period. The Arkansas Supreme Court affirmed the denial of his state habeas corpus petition on October 29, 2020. *Lewis*, 2020 Ark. 345, at 1. Mr. Lewis submitted his Petition for Writ of Habeas Corpus in the prison mailing system on June 11, 2021. (Doc. No. 1).

Thus, 197 days elapsed between the time the judgment became final on July 28, 2019, and the filing of the state habeas corpus petition on February 10, 2020. Then, 225 days elapsed between the Arkansas Supreme Court denial of the state habeas petition on October 29, 2020, and the submission of the instant Petition on June 11, 2021. Accordingly, Mr. Lewis's Petition for Writ of Habeas Corpus was filed 422 days after the judgment became final, which is outside the one-year period of limitation.

Further, Mr. Lewis does not specifically allege he is entitled to any equitable tolling, and a careful review of the Petition fails to show any support for such a finding. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Lewis has made neither showing. He claims he was not allowed "by no fault of his own to file a post-conviction appeal or Rule 37 Petition" because "his attorney(s) did not advise him of his right to do so following his illegal plea." (Doc. No. 1 at 31). But the question at issue is whether Mr. Lewis has shown "reasonable diligence to equitably toll the *federal timing rules* for filing his *federal habeas petition* – not his Rule 37 petition." *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) (citing *Holland*, 560 U.S. at 650) (emphasis in original). And Mr. Lewis has failed to explain why he was unable to diligently pursue his federal rights.

**2. Gateway Claim — Actual Innocence**

It is not clear whether Mr. Lewis's claim that he is innocent intends to raise a freestanding claim of actual innocence or a "gateway" claim to pass through the statute of limitation. But it is well settled that a freestanding claim of actual innocence is not cognizable in habeas: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying

state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002) ("[W]e have squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent.").

To the extent Mr. Lewis raises a claim of actual innocence as a gateway, this claim also fails. A gateway claim is "a credible showing of actual innocence [that] may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This rule, also known as the fundamental miscarriage-of-justice exception, "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (quoting *Herrera*, 506 U.S. at 404). But the United States Supreme Court has characterized tenable actual-innocence gateway pleas as "rare." *Id*. at 386. A petitioner who raises a gateway claim of actual innocence must establish (1) new and reliable evidence that was not presented at trial, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs,* 689 F.3d 921, 934 (8th Cir. 2012). This standard is "demanding" and seldom met. *McQuiggin*, 569 U.S. at 386 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Additionally, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage-of-justice that would allow a habeas court to reach the merits of a barred claim.'"

*Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Mr. Lewis does not specifically point to any new evidence. Mr. Lewis does not deny making the statements to Officers that lead to the terrorist threatening charges, but instead states "the statements following the arrest were the result of an unlawful entry and arrest and are therefore irrelevant and inadmissible as evidence[.]" (Doc. No. 1 at 27). Mr. Lewis makes a claim of legal innocence and cannot be considered factual innocence. Further, even if the supposed unlawful entry is "a concededly meritorious constitutional violation," it alone is not sufficient to establish a miscarriage-of-justice and allow the barred claims. *Cagle*, 474 F.3d at 1099 (8th Cir. 2007); *Schlup*, 513 U.S. at 316. Additionally, he states he "was deprived of his constitutional right to challenge the state's evidence," because the motion to suppress, submitted to the court by previous counsel, was never "prosecuted." (*Id.* at 8). Mr. Lewis claims he was coerced by a "hostile Public Defender and court" who knew "the entire case of the state was illegal." (*Id.* at 30). However, this does not qualify as new reliable evidence because both Mr. Lewis and his attorney were aware of the filed suppression motion when Mr. Lewis intelligently and voluntarily entered his guilty plea.[1] (*Id.* at 30, 63-64; Doc. No. 10 at 2). Therefore, his Petition must be dismissed as untimely.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

[1] The motion to suppress was electronically filed by Mr. Lewis's previous counsel on October 29, 2018, and Mr. Lewis entered his guilty plea on June 28, 2019. (Doc. No. 1 at 44, 63).

I find no issue on which Mr. Lewis has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Lewis's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice.

2. A certificate of appealability not be issued.

DATED this 7th day of October 2021.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE